E-FILED
Wednesday, 27 May, 2009  01:20:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRICKLAYERS and ALLIED CRAFTWORKERS INTERNATIONAL LOCAL UNION NO. 8 OF ILLINOIS | ) ) ) ) |
| and | ) ) |
| CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, DANIEL McCALL, GREGORY PETRY, JEFFERY WRIGHT, DAVID KARA, CHRIS BUTLER, & ROBERT ALDRIDGE, Trustees | ) ) ) ) ) ) ) |
| and | ) ) |
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION PLAN, EUGENE GEORGE, WALTER CARDY, DAN SCHIFFER, JOE SPERANZA, JR., PAUL SONGER, CHARLES VELARDO, GEORGE HARBISON, JOHN JOYCE, JOHN FLYNN, JAMES BOLAND, HENRY KRAMER, GERARD SCARANO, KEN LAMBERT & VINCENT DELAZZERO, Trustees, | ) ) ) ) ) ) ) ) ) ) ) |
| and | ) ) |
| BRICKLAYERS LOCAL #8 OF ILLINOIS AND EMPLOYERS PENSION PLAN, DANIEL W. MCCALL, GREGORY A. PETRY, DAVID TOENJES, JAMES BLANEY, ROBERT ALDRIDGE, WILLIAM O'KANE, EDGAR HUMM, JR., ROBERT PATTERSON, STEVEN MORTHOLE, RICK SCHMOLDT, TRAVIS BAKER & DENNIS BOGGS, Trustees, | ) ) ) ) ) ) ) ) ) ) ) |
| and | ) ) |
| TWIN CITY BRICK MASONS JOINT | ) |

1

APPRENTICESHIP COMMITTEE          )
MASONS JOINT APPRENTICE           )
TRAINING FUND, DAN McCALL,        )
JOHN THOMAS, ALLEN WENTE,         )
GREG PETRY, MARTIN KIRBY,         )
& JOHN LEVERENZ, Trustees         )
                                  )
        and                       )
                                  )
INTERNATIONAL MASONRY             )
INSTITUTE, EUGENE GEORGE,         )
WALTER KARDY, DAN SCHIFFER,       )
JOE SPERANZA, JR., CHARLES        )
VELARDO, GEORGE HARBISON, JOHN    )
JOYCE, JOHN FLYNN, JAMES BOLAND,  )
HENRY KRAMER, GERARD SCARANO,     )
KEN LAMBERT & VINCENT             )
DELAZZERO, Trustees,              )
                                  )
        and                       )
                                  )
CENTRAL ILLINOIS BUILDERS AGC/    )
CENTRAL ILLINOIS MASON            )
CONTRACTORS ASSOCIATION,          )
                                  )
        and                       )
                                  )
ILLINOIS MASONRY INSTITUTE,       )
                                  )
        and                       )
                                  )
TEAM OF CENTRAL ILLINOIS,         )
                                  )
        and                       )
                                  )
CENTRAL ILLINOIS CONSTRUCTION     )
TRADES SUBSTANCE ABUSE,           )
CONSORTIUM                        )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )
                                  )
B. HOLLAND MASONRY, INC.,         )
An Illinois corporation,          )
                                  )

2

and                                                )
                                                   )
SUSAN HOLLAND,                                     )
an individual d/b/a HOLLAND &                      )
HOLLAND MASONRY, INC.,                             )
                                                   )
       and                                         )
                                                   )
BRICK HOLLAND,                                     )
an individual d/b/a HOLLAND &                      )
HOLLAND MASONRY, INC.,                             )
                                                   )
       and                                         )
                                                   )
GABE HOLLAND,                                      )
an individual d/b/a HOLLAND &                      )
HOLLAND MASONRY, INC.,                             )
                                                   )
       Defendants.                                 )

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and allege and state as follows:

1.      Jurisdiction of this cause of action and the parties hereto is conferred upon this Court by subsections (a), (b) and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §185).

2.      Jurisdiction of this cause of action and the parties hereto is conferred upon this Court by Sections 502(e)(1) and 502(f) of the Employee Retirement Income Security Act of 1974, P.L. 93-506, 29 U.S.C. §1132(e)(1) and (f), sometimes hereinafter referred to as "ERISA."

3.      Plaintiff Bricklayers and Allied Craftworkers International Union Local 8 of Illinois (hereinafter "the Union") is an unincorporated association comprised of persons in the general business of masonry and brick construction and repair and is a

labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §152), representing employees in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. §185).

4.      Plaintiff Construction Industry Welfare Fund of Central Illinois (hereinafter "the Welfare Fund") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA.  Plaintiffs Daniel W. McCall, Gregory Petry, Jeffery Wright, David Kara, Chris Butler, and Robert Aldridge are the members of the Joint Board of Trustees of the Welfare Fund, which Board administers said Welfare Fund and as such are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

5.      Plaintiff Bricklayers & Trowel Trades International Pension Fund (hereinafter the "International Pension Plan") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA.  Plaintiffs Eugene George, Walter Kardy, Dan Schiffer, Joe Speranza, Jr., Paul Songer, Charles Velardo, George Harbison, John Joyce, John Flynn, James Boland, Henry Kramer, Gerard Scarano, Ken Lambert, and Vincent DeLazzero are the members of the Joint Board of Trustees of the International Pension Plan, which Board administers said Pension Plan and as such are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

6.      Plaintiff Bricklayers Local #8 and Employers Pension Plan (hereinafter "the Local Annuity Plan") is an employee benefit plan within the meaning of Section 3(3)

and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA. Plaintiffs Daniel W. McCall, Gregory A. Petry, David Toenjes, James Blaney, Robert Aldridge, William M. O'Kane, Edgar Humm, Jr., Robert Patterson, Steven Morthole, Rick Schmoldt, Travis Baker and Dennis Boggs are the members of the Joint Board of Trustees of the Local Annuity Plan, which Board administers said Local Annuity Plan and as such, are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

7.      Plaintiff Twin City Brick Masons Joint Apprenticeship Committee (hereinafter "Apprentice Training Program") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA. Plaintiffs Dan McCall, John Thomas, Allen Wente, Greg Petry, Martin Kirby & John Leverenz are the members of the Joint Board of Trustees of the Apprentice Training Program and as such, are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

8.      Plaintiff International Masonry Institute (hereinafter "IMI") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA. Plaintiffs Eugene George, Walter Kardy, Dan Schiffer, Joe Speranza, Jr., Charles Velardo, George Harbison, John Joyce, John Flynn, James Boland, Henry Kramer, Gerard Scarano, Ken Lambert and Vincent DeLazzero are the members of the Joint Board of Trustees of the IMI and as such, are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

9.      The Union is and was at all times material hereto the collective bargaining representative of all employees in its bargaining unit employed by B. Holland Masonry, Inc.

10.     At all material times, defendant B. Holland Masonry, Inc. was an Illinois corporation in good standing engaged in the business of masonry and brick construction and repair in Illinois and was at all times material hereto an employer within the meaning of Section 2(2) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §152).

11.     Defendant B. Holland Masonry, Inc. at all times material hereto employed members of the Union in the general business of masonry and brick construction and repair and related activities, and was engaged in activities affecting commerce within the meaning of subsections 2(6) and 2(7) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §152) and within the meaning of subsection 3(12) of ERISA.

12.     On October 25, 2006, the Union and defendant B. Holland Masonry, Inc. entered into a collective bargaining agreement (hereinafter "the Agreement"), effective through April 30, 2009.

13.     At all relevant times, defendant B. Holland Masonry, Inc. has been bound by the Agreement to remit monthly report forms and monthly payments to the Welfare, International Pension, Local Annuity, Apprenticeship, and IMI Funds in specified amounts.   The referenced funds are all administered within the meaning of Section 502(e)(2) of ERISA in Champaign, Illinois, within the boundaries of the United States District Court for the Central District of Illinois, Urbana Division.

14.     At all relevant times, the referenced Agreement required defendant B. Holland Masonry, Inc. to deduct Union dues from the wages of each employee who has signed a checkoff authorization conforming to federal law and to transmit that amount monthly to the Financial Secretary of the Union.

15.     At all relevant times, the Wage Addendum to the referenced Agreement required defendant B. Holland Masonry, Inc. to make contributions to the Central Illinois Builders AGC/Central Illinois Mason Contractors Association, the Illinois Masonry Institute, TEAM of Central Illinois, and the Central Illinois Construction Trades Substance Abuse Consortium for each hour worked by all employees covered by the Agreement.

16.     The Agreement also requires defendant B. Holland Masonry, Inc. to pay all costs of collecting delinquent amounts (including court costs, audit fees and attorneys' fees). Interest, penalties and attorneys' fees are also required by Section 502(g)(2) of ERISA (29 U.S.C. §1132(g)(2)).

17.     Based on unpaid fringe benefit reports submitted by defendant B. Holland Masonry, Inc., it owes $23,551.08 in fringe benefit contributions for the period of July 2008 through September 2008.

18.     On or around October 1, 2008, defendant B. Holland Masonry, Inc. ceased doing business.

19.     Sometime before that date, defendant B. Holland Masonry, Inc. merged with another entity and created Holland & Holland Masonry, Inc., a nonunion company.

20.     Defendants Susan Holland, Brick Holland, and Gabe Holland, individuals d/b/a Holland & Holland Masonry, Inc. are employers in an industry affecting commerce

within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

21.     Defendants Susan Holland, Brick Holland, and Gabe Holland, individuals d/b/a Holland & Holland Masonry, Inc. are alter egos, successors, and single employers with defendant B. Holland Masonry, Inc.  Defendants Susan Holland, Brick Holland, and Gabe Holland, share some officers, directors, and employees in common and perform the same type of work as defendant B. Holland Masonry, Inc.

22.     On May 13, 2009, the Union disclaimed interest in representing the employees of for the period of October 1, 2008 forward.  In so doing, it reserved the right to enforce the collective bargaining agreement and collect fringe benefit contributions owed prior to that date.

23.     Plaintiffs have performed all conditions precedent and have in no way contributed to defendants' delinquency.

WHEREFORE, plaintiffs pray the Court as follows:

A.     For a judgment against defendants in the amount of $23,551.08 for unpaid fringe benefit contributions for the period of July 2008 through September 2008.

B.     For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

C.     For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri  63105
Phone: (314) 727-1015
Fax:    (314) 727-6804


_____
MICHAEL A. EVANS
RICHARD SHINNERS
Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

The undersigned certifies that on May 27, 2009, the foregoing was electronically filed with the U.S. District Court, and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.


_____

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❒ 1   U.S. Government
Plaintiff

❒ 3   Federal Question
(U.S. Government Not a Party)

❒ 2   U.S. Government
Defendant

❒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                            and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ❒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | | | ❒ 900Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | | | ❒ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❒ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

❒ 1   Original
Proceeding

❒ 2   Removed from
State Court

❒ 3   Remanded from
Appellate Court

❒ 4   Reinstated or
Reopened

❒ 5   Transferred from
another district
(specify)

❒ 6   Multidistrict
Litigation

❒ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN
COMPLAINT:

❒   CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.        (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.        Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.        Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.        Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.        Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.        Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                Example:        U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.        Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.        Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.